UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ALIYA NOGAYBEKOVA, | ) | Case No.: |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL COMPLAINT |
| vs. | ) | AND |
| | ) | |
| AARGON AGENCY, INC., TRANS UNION, | ) | JURY TRIAL DEMAND |
| LLC, AND PUBLIC SERVICE ENTERPRISE | ) | |
| GROUP, INC. | ) | |
| | ) | |
| Defendants. | ) | |

## CIVIL COMPLAINT AND JURY TRIAL DEMAND

Plaintiff, Aliya Nogaybekova, on behalf of herself (hereinafter "Plaintiff"), by and through her undersigned attorney, hereby sues Defendants, Aargon Agency, Inc. (hereinafter "Aargon"), Public Service Enterprise Group, Inc. (hereinafter "PSE&G") and Trans Union, LLC, (hereinafter "Trans Union"), (collectively "Defendants"), and alleges as follows:

## PRELIMINARY STATEMENT

1.    This is an action for damages arising from Defendant's violations of 15 U.S.C. § 1692, *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices, and the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. (the "FCRA"), which, with respect to credit reports, regulates both the furnishers of information and credit bureaus themselves.

## JURSIDICTION AND VENUE

2.    This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. §1692k (d).

3.    Venue is proper in this district under 28 U.S.C § 1391(b).

## PARTIES

4.      Plaintiff, Aliya Nogaybekova, is a natural person, who at all relevant times has resided in city of Brooklyn, Kings County, state of New York, and is a "consumer" as defined by 15 U.S.C § 1692a(3).

5.      Defendant Aargon is a business entity that regularly conducts business in New York, with its principal place of business as 8668 Spring Mountain Road, Las Vegas, NV 89117, and is a "debt collector" as defined by 15 U.S.C § 1692a(6).

6.      Defendant Trans Union, LLC is a business entity that regularly conducts business in New York, with its principal place of business as 555 West Adams, Chicago, Illinois 60661, and is a "credit reporting agency," as that term is defined by 15 U.S.C. § 1681a(f) of the Fair Credit Reporting Act.

7.      Defendant PSE&G is a business entity that regularly conducts business in New York, with its corporate mailing address as 80 Park Plaza, P.O. Box 1171, Newark, New Jersey 07101 and is a "person" as defined by 15 U.S.C. § 1681a(b).

## FACTUAL STATEMENT

8.       At all times relevant to this litigation, Aargon was attempting to collect on an alleged debt due and owing PSE&G.  The alleged debt due and owing stemmed from the usage of gas and or electric at Plaintiff's abode, which fits squarely within the definition provided by 15 U.S.C § 1692a(5).

9.      Plaintiff did in fact utilize the services of Defendant PSE&G.  At some point during their contractual relationship, Plaintiff fell on hard times financially and could not keep up with the payments.  As a result, the debt was charged off.

10.     Sometime after the charge off of that debt, it was placed with a collection agency, Contract Callers, Inc. (hereinafter "CCI") Plaintiff's debt amounted to $1,011.23 at that time.

11.     In or around December of 2015, Plaintiff and CCI agreed to settle the debt at a discount, $859.55, with CCI, with approval from Defendant PSE&G, waiving the remaining balance due and owing.

12.     In or around September of 2016, Plaintiff noticed that a trade line was populated on Plaintiff's Trans Union credit report by PSE&G, for what appeared to be the balance remaining from the settlement with CCI, $152.00.

13.     A second trade line was noticed on Plaintiff's Trans Union credit Report for what again appeared to be the PSE&G debt, but the line was furnished by Defendant Aargon.

14.     A letter was sent to Trans Union disputing the veracity of the PSE&G trade line on the Trans Union credit report.  This letter was sent via certified mail, return receipt requested, on or around October 4, 2016.

15.     To date, no response has been received from Trans Union.  To date, the trade line furnished by PSE&G remains inaccurate, and unchanged from its form that Plaintiff disputed.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLECTIONS PRACTICES ACT
### 15 U.S.C. §1692, *et seq.*
*(As to Defendant Aargon)*

16.     Plaintiff repeats and realleges the allegation contained in paragraphs (1) through (15) above and incorporates them with the same force and effect as if set forth specifically herein.

17.      Defendant Aargon furnished information regarding an alleged debt due and owing PSE&G from Plaintiff.

18.   Upon information and belief, Aargon's sole communication(s) regarding the PSE&G debt has been on Plaintiff's credit report.  Aargon has not attempted to contact Plaintiff by either telephone or by any other written communication.

19.   The debt Aargon listed on Plaintiff's credit report is in fact an invalid debt.  This debt is not due and owing in any way, shape or form as it was extinguished via the agreement with Plaintiff and CCI.

20.   In asserting that Plaintiff is obligated on the PSE&G debt when same is not the case, Aargon has mischaracterized the legal nature and amount of the debt, in violation of 15 U.S.C. §1692(e)(2)(A) and reported credit information it should have known to be false in violation of 15 U.S.C. § 1692e(8).

21.   Plaintiff has been damaged and is entitled to relief.

**COUNT II**
**VIOLATION OF THE FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681, *et seq.***
*(As to Defendant Trans Union)*

22.    Plaintiff repeats, realleges, and reasserts the allegations contained in the paragraphs (1) through (21) and incorporates them as if specifically set forth at length herein.

23.   Upon Plaintiff's review of her credit report in or around September of 2016, she noticed a trade line furnished by PSE&G.   The trade line listed an alleged amount due and owing of $152.00.  The amount is inaccurate as Plaintiff entered into an agreement to pay CCI $859.55 on the PSE&G account to resolve the account in full.  The remaining balance was to be waived pursuant to the terms of the settlement.

24.   Trans Union then failed to respond to Plaintiff's reinvestigation request explaining the inaccuracy or to correct the tradeline.

25.     Upon information and belief, and Defendant Trans Union failed to review all relevant information and documentation available, and/or failed to properly contact the furnisher of information, and/or failed to take into account the assertions of Plaintiff in failing to delete the delete, or at the very least mark the subject trade line as one in dispute, thus violating their duty under 15 U.S.C. § 1681i.

26.     Upon information and belief, Defendant Trans Union failed to follow reasonable procedures to ensure maximum possible accuracy on Plaintiff's credit report when it published the incorrect information after being put on effective notice that the trade line was incorrect.

27.     With the failure to remove the PSE&G trade line, or with the failure to mark same as disputed, Plaintiff's credit score, a benchmark for near all facets of life in today's society, is artificially deflated.

28.     Defendant Trans Union's actions were willful and wonton; Plaintiff has been damaged and is entitled to relief.

## COUNT III
## VIOLATION OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681, *et seq.*
*(As to Defendant PSE&G)*

29.     Plaintiff repeats, realleges, and reasserts the allegations contained in the paragraphs (1) through (28) and incorporates them as if specifically set forth at length herein.

30.     Upon Plaintiff's review of her credit report in or around September of 2016, she noticed a trade line furnished by PSE&G.   The trade line listed an alleged amount due and owing of $152.00.  The amount is consistent with the amount of "waived debt" under the terms of her agreement to pay CCI $859.55 on the PSE&G account.  The remaining balance was to be waived pursuant to the terms of the settlement.

31.    Plaintiff then caused a letter to be sent disputing the veracity of the PSE&G trade line on the Trans Union credit report.  This letter was sent via certified mail, return receipt requested, on or around October 4, 2016.

32.    To date, no response has been received from Trans Union.  To date, the trade line furnished by PSE&G remains inaccurate, and unchanged from its form that Plaintiff disputed.

33.    Upon information and belief, Trans Union contacted Defendant PSE&G as part of the dispute reinvestigation process some time thereafter, to which Defendant PSE&G may or may not have responded with additional information and/or documentation.

34.    Upon information and belief, Defendant PSE&G failed to conduct a reasonable investigation by failing to review all the relevant documentation provided and/or failed to review the documentation already in their possession thoroughly enough thus violating their duty under 15 U.S.C. § 1681s-2(b)(1)(A) through 15 U.S.C. § 1681s-2(b)(1)(E).

35.    With the failure to request removal of the PSE&G trade line, or the failure to request same be marked disputed, Plaintiff's credit score, a benchmark for near all facets of life in today's society, is artificially deflated.

36.    Defendant PSE&G's actions were negligent and/or willful and wonton; Plaintiff has been damaged and is entitled to relief.

## JURY TRIAL DEMAND

37.    Plaintiff demands a trial by jury on all issues so triable.

## DAMAGES

WHEREFORE, Plaintiff, Aliya Nogaybekova, requests that this Court enter judgment against the Defendants, and on behalf of Plaintiff for the following:

A.       That an order be entered declaring Defendants PSE&G and Trans Union's actions, separately and distinctly and as described above, in violation of the FCRA.

B.       That judgment be entered against Defendants PSE&G and Trans Union's, separately and distinctly for actual, statutory and punitive damages and attorney's fees for the violations of 15 U.S.C. §§ 1681n and 1681o in an amount to be determined at trial;

C.       That an order be entered declaring Defendant Aargon's actions, as described above, to be in violation of the FDCPA;

D.       That judgment be entered against Defendant Aargon's for actual damages, pursuant to 15 U.S.C. §1692k(a)(1);

E.       That judgment be entered against Defendant Aargon's for statutory damages, pursuant to 15 U.S.C. §1692k(a)(2)(A) and (B);

F.       That the Court award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. §1692k(a)(3); and.

G.       That the Court grant such other and further relief as may be just and proper.

        Date: March 8, 2017

                                        Respectfully Submitted,

                                        s/ Matthew T. Sheffield Esq._____
                                        Matthew Sheffield, Esq.
                                        Law Offices of Michael Lupolover, P.C.
                                        120 Sylvan Ave., Suite 303
                                        Englewood Cliffs, NJ 07632
                                        Telephone: 201-461-0059
                                        Facsimile: 201-608-7116
                                        Email: ms@lupoloverlaw.com
                                        *Attorney for Plaintiff Aliya Nogaybekova*